

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
ATTORNEY GENERAL

Honorable R. S. Peden, Jr.
County Attorney
Matagorda County
Bay City, Texas

Dear Sir:

Opinion No. O-6823

Re: Summary sale of real estate
for delinquent taxes without
foreclosure of lien in court.

We have received and considered your letter of September 24, 1945, in which you have given us the benefit of your research on the captioned subject. Your letter takes exception to the conclusion reached in our Opinion No. O-683, and asserts that Article 7328a is "void and without any force or effect because in direct contravention of the mandate of the Constitution as contained in Sec. 13 of Art. 8, and that the Legislature is without authority to enact any law which would cancel or set aside a provision of the Constitution itself."

Your letter states further:

"The only argument we are making at this time is that the right and authority of the tax collector to seize and sell real estate for the payment of delinquent taxes is a legal right given under the Constitution of Texas, which cannot be taken away by an act of the Legislature."

May we state at the outset that nowhere in Section 13 is any authority given to anyone to make summary sales of real estate for the payment of delinquent taxes. This constitutional provision is not self-enacting, as the Supreme Court held in Mexia Independent School District v. City of Mexia, 133 S.W. (2d) 118. This provision constitutes no more than a direction to the Legislature to provide a procedure under which such sales can be made. There must of necessity be a set of statutory rules to guide tax collectors (or whomever else the Legislature might designate to accomplish such sales) in carrying out summary sales "without the necessity of a suit in Court." Section 13 directs only that:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable R. S. Peden, Jr., page 2

"Provision shall be made by the first Legisla-
ture for the speedy sale, without the necessity of
a suit in Court, of a sufficient portion of all
lands and other property for the taxes due thereon,
. . ."

We have given very careful consideration to the authori-
ties presented by you, and to many others in the effort to arrive
at the just, proper and reasonable construction of Article 7328a.
An act of the Legislature is not to be declared unconstitutional
lightly.

The rules of statutory construction have been stated
variously as follows:

"Every reasonable doubt as to the validity of
the act must be resolved in favor of sustaining it,
and . . . the enactment will not be held to be in-
valid unless the court finds it absolutely necessary
so to held." 9 Tex. Jur. 476 ¶ 58.

"It will not be presumed that the Legislature
intended to pass an act in violation of the Consti-
tution, and the act will not be so construed when it
is susceptible of a different construction." White
v. Fahring, 212 S.W. 193.

One important corollary of the general doctrine that it
is the duty of the courts, if possible, to construe a statute so
as to permit its provisions being upheld is recognized in interpret-
ing statutes which in their terms are broad enough to cover matters
without as well as within the jurisdiction of the legislative body.
This general doctrine is that within certain limits the courts, in
order to uphold a statute, may restrict its application to the legit-
imate field of legislation. A statute should not be given a broad
construction if its validity can be saved by a narrower one. This
rule has been followed by the United States Supreme Court in a number
of cases--Sproles v. Binford, 286 U.S. 374, 76 L. Ed. 1167, 52 S. Ct.
581, inter alia--and adopted by the Supreme Court of Texas in Maud
v. Terrell, 200 S.W. 375, in these terms:

"Where the terms used in a statute are general,
reasonably admitting of a construction which does not
condemn it, the language will be restrained in its op-
eration so as to harmonize the statute with the Con-
stitution though, literally, it be susceptible of a
broader meaning which would conflict with the Consti-
tution."

Honorable R. S. Peden, Jr., page 3

The sequence of events leading up to the Act of 1929 throws considerable light on the intention of the Legislature in passing it. Long prior to 1929 the Legislature had passed a number of statutes specifying the procedure to be followed in the summary sale of real property for delinquent taxes in compliance with the directions of Section 13 of Article 8 of the Constitution. And in 1895 were passed the first of the statutes defining the procedure to be followed in judicial sales of real property for taxes, as was within the inherent power of the Legislature, and also within the purview of the mandates of Section 15 of Article 8 of the Constitution. It cannot be questioned that without a statutory procedure to guide them, tax collectors would be unable to make summary sales "without the necessity of a suit in court."

It is not necessary for us to recite here the history of summary sales under the rules of procedure thus given by the Legislature. Each legal requirement pertaining to the sale of the land had to be complied with strictly and scrupulously, and the courts uniformly exacted of one asserting title under a summary sale strict proof of such compliance. The result was inevitable that buyers were reluctant to purchase at such summary sales, and the land seldom sold for anything like a fair price.

With all of this before, it, the 41st Legislature in 1929 passed House Bill No. 195 (designated by Vernon as Article 7328a) which provided as follows:

"Section 1. That all sales of real estate made for the collection of delinquent taxes due thereon shall be made only after the foreclosure of tax lien securing same has been had in a court of competent jurisdiction in accordance with existing laws governing the foreclosure of tax liens in delinquent tax suits.

"Section 2. All laws and parts of laws in conflict with the provisions of this Act be and the same are hereby repealed.

"Section 3. . . ."

We cannot, and will not, now presume that at the time of the passage of this Act the Legislature was unaware of the prescribed mode of amending the Constitution, or that it thought it could amend or negative the Constitution by one of its statutes. Nor will we presume that the Legislature intended to violate the Constitution by

Honorable R. S. Peden, Jr., page 4

this act. The only reasonable construction which can be placed on this statute is that the Legislature was thereby repealing the statutes previously passed prescribing the procedure to be followed in summary sales of real estate. This it did, and no more, as was held in our Opinion No. 0-683. Viewed in this light, there can be no question of the constitutionality of Article 7328a.

To attempt to give the terms of the statute any broader meaning, to which perhaps in literal terms they may be susceptible, is to make its constitutionality subject to grave question. This we will not do.

Since the adoption of the amendment of Section 13 of Article 8 in 1932, the Legislature has not seen fit to enact the legislation necessary to effectuate said section insofar as it regards summary sales of real estate. We therefore reaffirm our Opinion No. 0-683, and reiterate that until the Legislature enacts such statutes and either expressly, or by necessary implication, repeals Article 7328a, that article must continue to prevail as the latest effective legislative expression on the subject.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Arthur L. Moller*

Arthur L. Moller
Assistant

ALM/JCP

